**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**MANTISSA CORPORATION,**

    Plaintiff,

v.

**FISERV SOLUTIONS, LLC,**

    Defendant.

Case No. 1:19-cv-03204

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Mantissa Corporation ("Plaintiff" or "Mantissa"), for this Complaint against Defendant Fiserv Solutions, LLC ("Defendant" or "Fiserv"), alleges as follows:

### NATURE OF LAWSUIT

1. This is an action for patent infringement under 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

### PARTIES

2. Plaintiff Mantissa is an Alabama corporation with its principal place of business at 1012 Edenton St., Birmingham, AL 35242-9258.

3. On information and belief, Fiserv is a payment processor having a physical location in this District at Suite 6159, 350 N Orleans Street, Floor 8, Chicago, IL 60654-1529.

### BACKGROUND AND RELATED CASE

4. Mantissa filed a patent infringement lawsuit against Great American Bancorp, Inc. ("GAB") and First Federal Savings Bank of Champaign-Urbana ("FFSB") in this District on December 20, 2019. GAB and FFSB contested venue in this District. As a result, the lawsuit was

transferred to and is now pending in the Central District of Illinois. *See Mantissa Corp. v. Great Amer. Bankcorp, Inc. et al.*, 2:18-cv-02103-SEM-EIL (C.D. Ill.). The current scheduling order in that case requires any additional parties to be added by May 10, 2019. Plaintiff is adding FiServ as a party in that case. In case FiServ contests venue in that case under, e.g.*, TC Heartland, LLC v. Kraft Foods Group Brands, LLC*, 137 S. Ct. 1514 (2017), Plaintiff is filing this Complaint in this District where venue for FiServ is more certain.

## JURISDICTION AND VENUE.

5. On information and belief, GAB and FFSB (collectively, "First Federal") and FiServ have jointly committed acts and continue to jointly commit acts of patent infringement giving rise to this action under the patent laws of the United States, 35 U.S.C. §§ 271 and 281. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. On information and belief, under Illinois's long-arm statute, 735 ILCS § 5/2-209, Defendant submitted to the personal jurisdiction of this Court because Defendant, inter alia: transacted business within the State of Illinois; committed a tortious act within the State of Illinois; engaged, jointly with First Federal, in an act of patent infringement in the State of Illinois and this District; has a place of business within the State of Illinois and this District; regularly conducts or solicits business in the State of Illinois; engages in other persistent courses of conduct in the State of Illinois; and/or derives substantial revenue from goods and services provided to persons or entities in the State of Illinois. Further, on information and belief, Defendant has established minimum contacts with the State of Illinois and this District such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

7. On information and belief, venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b) because Defendant (a) has a regular and established place of business in this District or the State of Illinois; (b) has conducted business in this District and the State of Illinois; (c) has, jointly with First Federal, committed acts of infringement in this District and the State of Illinois; and/or (d)(i) resides in this District and/or (d)(ii) is registered to conduct business in the State of Illinois.

8. In the alternative, Defendant may be willing to waive any defect in venue in this District under 28 U.S.C. §§ 1391(b) and 1400(b) to have this action heard in this District.

## BACKGROUND

9. Mantissa is an enterprise software company founded in 1980 and developing identity protection solutions since 2003. Mantissa's main product for identity protection is the iDovos® system (http://idovos.com/), first offered in 2006. The iDovos system lets identity owners set conditions for use of their identity assets. The conditions include on/off, category, and geographic scope.

10. The iDovos system is protected by, among other intellectual property rights, U.S. Patent No. 9,361,658 ("'658 Patent") titled "System and Method for Enhanced Protection and Control Over the Use of Identity." A copy of the '658 Patent is attached as Exhibit A and is incorporated herein by reference.

11. The United States Patent and Trademark Office ("USPTO") duly and legally issued the '658 Patent" on June 7, 2016.

12. Mantissa is the exclusive licensee of the '658 Patent, and holds all substantial rights and interest in the '658 Patent.

13. Generally, the '658 Patent claims specific methods, executed on electronic computer hardware in combination with software, for protecting and controlling use of an entity's financial account.

14. Generally, the claims of the '658 Patent provide specific methods and systems in which an account owner, rather than a bank, can define, over a network, rather than through bank personnel, a scope of use of the owner's account including whether the account is ON or OFF, whether certain categories of transaction partners are authorized for transactions using the account, and a geographical area in which transactions are authorized. At the time of the claimed invention, these methods were not "well-understood, routine, conventional" activities in the banking industry. *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

15. The claims of the '658 Patent solve a problem that is rooted in computer technology that uses computer networks, namely, preventing fraudulent transactions using financial accounts accessible over a computer network. The claims of the '658 Patent do not recite the performance of well-understood, routine, conventional business practice known before the invention defined by the claims.

16. The '658 Patent matured from U.S. Patent Application No.14/218,128 ("'128 Application") filed March 18, 2014.

17. Based on the prosecution history of the '658 Patent, the USPTO found the claims of the '658 Patent (i) valid under 35 U.S.C. §§ 102, 103 and (ii) eligible for patent protection under 35 U.S.C. § 101.

18. On June 19, 2014, during prosecution of the '658 Patent, the U.S. Supreme Court held in *Alice* with respect to another patent that under 35 U.S.C. § 101, the abstract idea of intermediated settlement was not eligible for patent protection and that patent claims requiring

4

generic computer implementation of the abstract idea failed to transform it into a patent eligible invention.

19. In view of *Alice*, the USPTO issued the following instructions to the USPTO patent examiners examining pending patent applications including the pending '128 Application:

- (a) "Preliminary Examination Instructions" (June 25, 2014) re: determining eligibility of claims in pending patent applications under 35 U.S.C. § 101;

- (b) "2014 Interim Guidance on Patent Subject Matter Eligibility" (December 16, 2014) "set[ting] forth a two-part analysis for claims reciting judicial exceptions in view of recent decisions by the U.S. Supreme Court and the U.S. Court of Appeals for the Federal Circuit";

- (c) "July 2015 Update: Subject Matter Eligibility" (July 2015) updating item (ii) and "assist[ing] examiners when applying [item (ii)] during the patent examination process"; and

- (d) Memo re: "Formulating a Subject Matter Eligibility Rejection and Evaluating the Applicant's Response to a Subject Matter Eligibility Rejection" (May 4, 2016) "provid[ing] information to the examining corps on best practices for formulating a subject matter eligibility rejection and evaluating the applicant's response."

Fed. Reg., Vol. 79, No. 241, pp 74618-633; USPTO website https://www.uspto.gov/patent/laws-and-regulations/examination-policy/subject-matter-eligibility.

20. On Jan. 27, 2016, the applicant for the '658 Patent filed a Response to Non-Final in the prosecution of the '658 Patent arguing that certain factors in the pending patent claims "were not routine or conventional in April 27, 2005, the priority date for the present application", the

5

"claims are directed to methods for reducing misuse of identity to assist in preventing financial fraud", and "improve an existing technology: the use of credit card and/or debit cards to facilitate financial transactions", and for those and other reasons, the claims were not patent ineligible under *Alice*. '658 Patent Prosecution History, Response to Non-Final Office Action filed Jan. 27, 2016, pp. 9-12 (available through USPTO Public PAIR https://portal.uspto.gov/pair/PublicPair).

21. On February 11, 2016, after reviewing the above referenced Response, and analyzing the patent claims in the '128 Application under 35 U.S.C. § 101 in view *Alice* and other court decisions, and according to the above-referenced USPTO instructions, the USPTO <u>allowed</u> the claims noting that the "Applicant argument(s) regarding improvement of conventionally known credit card/debit card technology is persuasive." '658 Patent Prosecution History, Notice of Allowability filed Feb. 11, 2016, p. 2 (available through USPTO Public PAIR https://portal.uspto.gov/pair/PublicPair).

## INFRINGEMENT OF THE '658 PATENT

22. On information and belief, Defendant and First Federal have jointly made, used, offered to sell, sold or imported products, systems, and services, including but not limited to First Federal's products, systems and services for debit and/or credit card control, monitoring, and management incorporating the "CardValet" app or similar products, systems, and services ("Products") in the United States, including in this District. See First Federal's website https://www.356bank.com/bank/debit-cards (describing the CardValet app).

23. First Federal advertises, describes, and advises on use of the CardValet app as follows:

> **CardValet**
> First Federal Savings Bank is pleased to offer to our customers the newest and most secure form of debit payment available: EMV Chip-Enabled Debit Mastercard!

6

> Show Fraud Who's Boss.
> **CardValet**
>
> Watch Our **CardValet** Video
>
> Introducing **CardValet**.
> Your card, on your terms.
> **CardValet allows you to turn your credit or debit card "on" or "off" anytime.**
> **When they're "off"…no one can use your cards.**
> **Turn them "on" when you're ready to use them:**
> • Helps safeguard your cards from fraud
> • Lets you define areas where your card can be used
> • Limit purchase by the type of merchant
> • Set limits on the dollar amount
> Instantly change your settings, giving you complete control over your credit or debit card.
> Set limits on the dollar amount
> Instantly change your settings, giving you complete control over your credit or debit card.
> Download the **CardValet** app today!

First Federal's webpage https://www.356bank.com/bank/debit-cards (emphasis revised and internal graphics omitted).

24. On information and belief, at least use or execution of the Products by Defendant, First Federal, and/or entities having financial accounts at First Federal causes performance of each of the steps recited in claims 1, 3, 7, 8, 10-13, and 15 of the '658 Patent ("Asserted Claims").

25. The performance of each of the steps recited in any of the Asserted Claims constitutes infringement of the respective claim of the '658 Patent.

26. Defendant has knowledge and notice of the '658 Patent and its infringement at least through this complaint and, on information and belief, through communications with First Federal.

27. Despite this knowledge, Defendants continue to commit the herein-mentioned infringing acts.

## CAUSE OF ACTION
## PATENT INFRINGEMENT OF THE '658 PATENT – 35 U.S.C. § 271

28. Plaintiff incorporates by reference each of the allegations in paragraphs 1-27 above and further alleges as follows:

29. Defendant and First Federal have jointly infringed and continue to infringe the Asserted Claims by making, using, offering to sell, selling, or importing Products that perform or cause performance of each step of the Asserted Claims.

30. Defendant and First Federal jointly induced and continue to induce infringement of the Asserted Claims by inducing others to make, use, offer to sell, sell, or import Products embodying the claimed invention. Defendant has had knowledge of the '658 Patent at least through communications with First Federal. Defendant and First Federal specifically intend for the Products to be used in an infringing manner by, among other things, offering the Products to customers and prospective customers of First Federal, instructing them to "Download the CardValet app today!", and explaining to the customers that:

> **CardValet allows you to turn your credit or debit card "on" or "off" anytime.**
> **When they're "off"…no one can use your cards.**
> **Turn them "on" when you're ready to use them:**
> • Helps safeguard your cards from fraud
> • Lets you define areas where your card can be used
> • Limit purchase by the type of merchant
> • Set limits on the dollar amount
> Instantly change your settings, giving you complete control over your credit or debit card.
> Set limits on the dollar amount
> Instantly change your settings, giving you complete control over your credit or debit card.

First Federal' webpage https://www.356bank.com/bank/debit-cards.

31. Defendant and First Federal jointly contributed to and continue to contribute to infringement of the Asserted Claims by offering to sell, selling or importing Products or a

8

component thereof for use in practicing the patented invention, constituting a material part of the invention. Defendant has knowledge of the '658 Patent as described above. Defendant knew the Product or a component thereof was especially made or adapted for use in an infringement of the claims of the '658 Patent. The Product or the component thereof is not a staple article or commodity of commerce suitable for substantial non-infringing use.

32. Defendant and First Federal jointly contributed and continue to contribute to infringement of the Asserted Claims by, e.g., offering to sell, selling and importing certain types of debit cards, credit cards, apps, and/or financial accounts ("Components") for use in practicing the patented invention, constituting a material part of the invention. Defendant has knowledge of the '658 Patent as described above. Defendant knew the Components were especially made or adapted for use in an infringement of the claims of the '658 Patent. The Components are not a staple article or commodity of commerce suitable for substantial non-infringing use.

33. Defendant and First Federal jointly committed and continues to commit acts of infringement of the '658 Patent under the Doctrine of Equivalents in addition to the above allegations of direct, contributory and inducement of infringement.

34. Defendant and First Federal's past and continued joint acts of infringement of the '658 Patent have caused damage to Plaintiff. Plaintiff is entitled to recover damages from Defendant and First Federal in an amount subject to proof at trial, but in no event less than a reasonable royalty for their infringement together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

35. Defendant and First Federal's joint infringement of the '658 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless Defendant is enjoined by this Court from further acts of infringement.

36. Defendant and First Federal's joint conduct in infringing the '658 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## JURY TRIAL DEMAND

Under Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

A. A permanent injunction under 35 U.S.C. § 283 enjoining Defendant and First Federal, all those in privity with them, their affiliates, officers, agents, employees, and attorneys, and anyone acting in concert with them, from infringing, inducing infringement and contributing to the infringement of the claims of '658 Patent;

B. A judgment that Defendant and First Federal have jointly infringed, directly and indirectly, the claims of the '658 Patent literally and/or under the doctrine of equivalents under 35 U.S.C. § 271;

C. Damages in an amount sufficient to compensate Plaintiff for Defendant and First Federal's joint infringement of the claims of the '658 Patent;

D. Enhanced damages pursuant to 35 U.S.C. § 284 for Defendant and First Federal's willful joint infringement;

E. A declaration that this case is exceptional under 35 U.S.C. § 285 and Plaintiff's reasonable attorneys' fees, expenses and costs for prosecuting this action;

F. Pre-judgment and post-judgment interest to Plaintiff on the foregoing amounts at the maximum allowable rate recoverable by law; and

G. Such other and further relief as this Court may deem just and proper either at law or in equity.

Dated: May 10, 2019                    Respectfully submitted,

                                                 */s/ Nicholas A. Kurk*
                                                 Nicholas A. Kurk (ARDC 6292133)
                                                 Young Basile Hanlon & MacFarlane, P.C.
                                                 150 N. Wacker Dr., Suite 1450
                                                 Chicago, IL 60606
                                                 (312) 754-9332 / (248) 649-3338 Fax
                                                 kurk@youngbasile.com

                                                 -and-

                                                 John Demarco
                                                 (*Pro Hac Vice To Be Filed*)
                                                 Young Basile Hanlon & MacFarlane, P.C.
                                                 700 Milam St., Suite 1300
                                                 Houston, TX 77002
                                                 (832) 871-5058 / (248) 649-3338 Fax
                                                 demarco@youngbasile.com

                                                 -and-

                                                 Kenneth A Godlewski
                                                 (*Pro Hac Vice To Be Filed*)
                                                 Hunter Taubman Fischer LLC
                                                 1201 15th Street, NW, Suite 200
                                                 Washington, DC 20005
                                                 202-704-5860 / 202-659-2697 Fax
                                                 kgodlewski@htflawyers.com

                                                 *Attorneys for Plaintiff*